■ EUGENE GRINSPHON, Also Known as EUGENE GRIN, et al., Respondents, v ISAIAH SHEPS, Appellant. [639 NYS2d 710] —In an action, *inter alia*, to recover damages for legal malpractice, the defendant appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), entered November 15, 1994, as granted those branches of the plaintiffs' motion which were for summary judgment as to the third, fourth, fifth, and sixth causes of action, and (2) from a judgment of the same court, entered November 23, 1994, which is in favor of the plaintiffs and against the defendant in the principal sum of $60,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, the order is vacated, and the plaintiffs' motion is denied in its entirety.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs have failed to meet their initial burden of establishing their entitlement to judgment against the defendant on the third through sixth causes of action as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). The evidence tendered by the plaintiffs in support of their summary judgment motion is insufficient to demonstrate the

absence of any material issues of fact (*see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Given the plaintiffs' failure to make the requisite prima facie showing, the motion for summary judgment should have been denied in its entirety. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.